IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| LARRY J. DAVIS,<br><br>  Petitioner,<br><br>v.<br><br>WARDEN KEITH ARNOLD and<br>MARYLAND ATTORNEY GENERAL,<br><br>  Respondents. | Civil Action No.: 25-cv-2066-LKG<br><br>Dated: October 21, 2025 |

## MEMORANDUM ORDER

On June 25, 2025, the above-captioned Petition for Writ of Habeas Corpus was filed pursuant to 28 U.S.C. § 2254. ECF No. 1. Respondents filed a Limited Answer to the Petition asserting that it must be dismissed because it is a successive petition and Petitioner replied.[1] ECF Nos. 6, 8. For the reasons that follow, the Petition must be dismissed.

Petitioner has previously sought habeas relief on one occasion in this Court, *Davis v. Bishop*, Civ. No. CCB-17-3002. Under 28 U.S.C. § 2244, Petitioner may only file a successive habeas corpus petition if he has first moved the appropriate circuit court for an order authorizing the district court to consider his application. *See* 28 U.S.C. § 2244(b)(3); *Felker v. Turpin*, 83 F.3d 1303, 1305–07 (11th Cir. 1996). A petition is not successive if the claims asserted were not ripe at the time the first petition was filed. *See Panetti v. Quarterman*, 551 U.S. 930, 942–47 (2007) (death penalty Eighth Amendment claim in a second application was not subject to the gatekeeping mechanism of the Anti-Terrorism and Effective Death Penalty Act (AEDPA) because the first petition was filed before an execution date was scheduled), *accord United States v. Hairston*, 754 F.3d 258, 262 (4th Cir. 2014); *see also Hicks v. Clarke*, No. 3:15CV405, 2016 WL 8731440, at *8 (E.D. Va. Sept. 30, 2016) (holding *Brady*-based second-in-time petitions do not fall within the ripeness exception where the facts underlying the claim existed

---

[1] Also pending is Petitioner's "Motion to Request this Honorable Court Deny the State any Extension to Provide Document's or Answer Document's (1) & (2) within Forty Day's as this Honorable Court Ordered on July 24th 2025 in document (4)" ("Motion to Deny Extension"). ECF No. 7. He asks that the Court deny any request by Respondents for an extension of time to submit documents related to this case. *Id.* Respondents have not made any such request and therefore Petitioner's Motion will be denied.

when the first petition was filed). "Congress has empowered the courts of appeals to authorize the filing of a second or successive habeas petition where 'the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)].'" *Evans v. Smith*, 220 F.3d 306, 323 (4th Cir. 2000) (alteration in original) (quoting 28 U.S.C. § 2244(b)(3)). As the *Evans* court observed:

> [A] petitioner may be able to present a claim for the first time in a successive habeas petition where the claim relies on a *new rule of constitutional law*, see 28 U.S.C. § 2244(b)(2)(A), or, if the claim is based on newly discovered evidence, where the petitioner can make a prima facie showing of both cause and prejudice within the meaning of § 2244(b)(2)(B)(i) and § 2244(b)(2)(B)(ii). These requirements serve the important interests in finality and respect for state court judgments that underlie the statutory habeas scheme. . . . At the same time, the statute affords an opportunity to bring new claims where the petition can show he was not at fault for failing to raise those claims previously and where the claim, if meritorious, would sufficiently undermine confidence in the judgment at issue.

*Id.* (emphasis supplied).

Here, Petitioner challenges his conviction in the same criminal case, No. 106116048, in the Circuit Court for Baltimore City as he did in his 2017 petition. In his first petition, he identifies his sentencing date as February 25, 2010, while in this Petition he notes May 23, 2007. In its ruling on the first Petition, the Court noted that Petitioner's convictions during his first trial were reversed on appeal. *See* Case No. CCB-17-3002, ECF No. 29 at n1. To the extent Petitioner only sought to challenge the 2007 conviction, he may not challenge that conviction as it was overturned, and he is not in custody pursuant to that conviction. Construing the Petition as challenging his conviction on retrial which resulted in the 2010 sentencing, it is a successive petition to the 2017 Petition which was decided on the merits.

This Court may not consider it until the United States Court of Appeals for the Fourth Circuit enters an order authorizing the Court to do so. *See* 28 U.S.C. § 2244(b)(3)(A); *see also In re Vial*, 115 F.3d 1192, 1197–98 (4th Cir. 1997). Because it does not appear that Petitioner has complied with this "gatekeeper" provision, the pending application for habeas corpus relief must be dismissed without prejudice pursuant to 28 U.S.C. § 2244(b)(3).

The United States Court of Appeals for the Fourth Circuit has set forth instructions to obtain the aforementioned authorization Order. The procedural requirements and deadlines are extensive. Consequently, this Court has attached hereto a packet of instructions promulgated by

the Fourth Circuit which addresses the comprehensive procedure to be followed should Petitioner wish to seek authorization to file a successive petition. It is to be emphasized that Petitioner must file the request for authorization with the Fourth Circuit and obtain authorization to file his successive petition before this Court may examine his claims.

When a district court dismisses a habeas petition solely on procedural grounds, a Certificate of Appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The denial of a Certificate of Appealability does not preclude Petitioner from seeking permission to file a successive petition or from pursuing his claims upon receiving such permission. Because Petitioner has not made a substantial showing of the denial of his constitutional rights, this Court will not issue a Certificate of Appealability.

Accordingly, it is this 21st day of October, 2025, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Petitioner's Motion to Deny Extension of Time (ECF No. 7) IS DENIED;
2. The Petition for Writ of Habeas Corpus IS DISMISSED without prejudice as a successive writ;
3. A Certificate of Appealability SHALL NOT ISSUE;
4. The Clerk SHALL MAIL a copy of this Order and the instructions and form packet for filing a motion under 28 U.S.C. § 2244 (authorization of District Court to consider second or successive application for relief) to Petitioner; and
5. The Clerk SHALL CLOSE this case.

**IT IS SO ORDERED.**

LYDIA KAY GRIGGSBY
United States District Judge